## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

Irene Carpenter
 Aka Irene Knisley
415 S. Park Street
Bellefontaine, Ohio 43311

       Plaintiff,

   v.

True Solution, Inc., et al
 Pka Federal Student Loans Council, LLC
c/o Statutory Agent Daniel Pena
626 Cherry Avenue
Long Beach, California 90802

and

Anthony Aguilar
261 E. Rowland Street
Covina, CA 91723

and

Michael Aguilar
261 E. Rowland Street
Covina, CA 91723

and

John Does (1-3)
Name Unknown
Address Unknown

**CASE NO.: 1:19-cv-00135**

**JUDGE: Timothy S. Black**

**<u>AMENDED COMPLAINT
AND REQUEST FOR
DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF</u>**

**Jury Demand Endorsed Herein**

---

## <u>INTRODUCTION</u>

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C, Section 1681b(f) regulates the access

and use of consumer reports in order to protect consumer privacy. This case involves the illegal



use of and access to the private financial data in the consumer reports of likely thousands of financially distressed consumers. The information was accessed for the illegal purpose of marketing debt settlement and/or consolidation services. Defendant True Solution, Inc. ("True Solution") is a company that obtained lists of consumer data, lists referred to as "pre-screened lists", including Plaintiff's, under the guise of making a firm offer of credit. Instead of providing a firm offer of credit, True Solution used the lists to market student loan assistance and credit repair services.

The pre-screened lists at issue are compiled by a consumer reporting agency using filters including a base level of unsecured debt balances a minimum level of unsecured trade lines, and various other filters bearing on a consumer's credit worthiness. The pre-screened lists constitute consumer reports that may only be accessed and used for a permissible purpose. *See*, 15 U.S. C. Section 1681b(f); *See*, *Trans Union v FTC,* 245 F.3d 809 (U.S. App. D.C. 2001).

This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C, Sections 1681, *et seq.*, ("FCRA"); the Telephone Consumer Protection Act, 47 U.S.C. §277, ("TCPA"); the Ohio Consumer Sales Practices Act, R.C. § 1345.01, *et seq.*, ("OCSPA"); the Ohio Telephone Solicitation Sales Act, R.C. § 4719.01, *et seq.*, ("TSSA") and the Ohio Credit Services Organization Act, R.C. §4712.0, *et seq.*, ("OCSOA"), all of which were violated as part of a venture to advertise, promote and operate a business of soliciting clients for student loan assistance and credit repair services.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over the parties and the subject matter of this action.

2

2.     The Court has jurisdiction over this matter pursuant to Oh. Rev. Code §§1345.04, 1345.09(A), 1345.09(B), 1345.09(D), 2305.01, 2305.06, 4710.02, 4710.04, 4712.01 and the common law of the State of Ohio.

3.     Jurisdiction is proper in the instant case pursuant to Civ. R. 3(B)(3) in that most of the deceptive acts committed by Defendants were mailed to Plaintiff at her Logan County, Ohio address in an attempt to solicit her business.

4.     Venue is proper in this court pursuant to Civ. R. 3(B)(3), because some of the transactions, including, but not limited to, the deceptive marketing complained of, and out of which this action arose, occurred in Logan County, Ohio.

5.     The Court has personal jurisdiction over the Defendants as Defendants willfully breached several Ohio consumers' privacy by accessing their consumer reports and the data within in violation of the Fair Credit Reporting Act, knowing that injury was likely to occur in Ohio.

## PARTIES

6.     Plaintiff Irene Carpenter aka Irene Knisley (hereinto "Carpenter") is an individual residing at 415 S. Park Street, Bellefontaine, Logan County, Ohio 43311.

7.     True Solution, Inc. ("True Solution") is a debt settlement company located at 626 Cherry Avenue, Long Beach, CA 90802 and has solicited student loan assistance and credit repair services to Ohio consumers. True Solution registered with the California Secretary of State on April 26, 2018.

8.     True Solution's website lists the contact information for its sales department as sales@federalstudentloanscouncil.us.

3

9.     Defendant Anthony Aguilar ("Anthony") is an owner of True Solution, operating from an address at 261 E. Rowland Street, Covina, CA 91723. Anthony had actual knowledge of the direct solicitations that were being used to market debt settlement services and he directly participated in the marketing scheme described in this Amended Complaint. Anthony also formulated, directed, controlled, or participated in all acts and practices of True Solution.

10.     Defendant Michael Aguilar ("Michael") is an owner of True Solution, operating from an address at 261 E. Rowland Street, Covina, CA 91723. Michael had actual knowledge of the direct solicitations that were being used to market debt settlement services and he directly participated in the marketing scheme described in this Amended Complaint. Michael also formulated, directed, controlled, or participated in all acts and practices of True Solution.

11.     Defendants, acting in concert with other companies, unlawfully obtained Plaintiff's consumer report and used it illegally to obtain information for the purpose of sending deceptive solicitations to the Plaintiff for student loan assistance and credit repair services.

12.     For the purposes of this Amended Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of True Solution named in this caption.

## STATEMENT OF FACTS

13.     Defendants unlawfully obtained Plaintiff's consumer reports and used them illegally to obtain information for the purpose of soliciting Plaintiff for debt settlement and credit repair services; Defendants solicited Plaintiff through a mailed solicitation attached as **Exhibit A** and incorporated herein.

14.    Defendants had knowledge the mailer was likely to deceive Ohio consumers.  In fact, the intent of the mailer was to deceive Ohio consumers.

15.    Defendants further knew or should have known the data used in the mailing campaign originated from Plaintiff's consumer reports; Defendants had knowledge its agent or agents were accessing Plaintiff's consumer reports on Defendants' behalf for an impermissible use.

16.    Defendants knew or were reckless in their ignorance the attached mailer it was sending or that were being sent on its behalf by another company contained numerous deceptive representations and was based upon information collected from Plaintiff's consumer reports.

17.    Defendants obtain and use consumer reports for marketing purposes in violation of the FCRA.

18.    Defendants obtained and used lists of consumers, including Plaintiff, who maintain high student loan balances to identify and send marketing materials to potential clients.

19.    Defendants either directly, or through other marketing agents, obtained information on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA , 15 U.S.C. §1681a(f).

20.    Defendants used the impermissibly obtained information to market True Solution's federal student loan assistance services or to market on behalf of another company.

21.    The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

22.     Defendants compiled this consumer report in a venture to advertise, promote and operate a business of soliciting clients for student loan assistance and credit repair services of Plaintiff.

23.     Obtaining and using a consumer report for marketing student loan assistance is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

24.     As an integral part of Defendants' marketing, Plaintiff received the mailed solicitation attached as **Exhibit A**.

25.     The mailer acknowledges Defendants (or Defendants' agents) obtained Plaintiff's consumer reports; "PRESCREEN & OPT-OUT NOTICE You can choose to stop receiving "pre-screened" offers of credit from this and other companies by calling toll free 1-888-567-8688.  See "PRESCREEN & OPT-OUT NOTICE" on other side for more information about prescreened offers."

26.     The mailer also acknowledges, "Federal student loans council provides document preparation and processing services for a fee."; obtaining Plaintiff's consumer reports for that purpose is not permissible under the FCRA.

27.     Shortly after receiving the mailer, on or about June 28, 2018, Plaintiff called the number listed in the mailer and spoke with Jessie Polanco ("Polanco"); Polanco indicated he worked for FSLC; Polanco further indicated FSLC would handle Plaintiff's account.

28.     On June 28, 2018, Polanco sent Plaintiff an e-mail from an e-mail address of Jessie@federalstudentloanscouncil.us; the email further detailed the services which FSLC would provide.

29.     FSLC then sent Plaintiff approximately 30 (thirty) text messages requesting status of her enrollment with FSLC.

30. True Solution directed these texts to Plaintiff's cell phone.

31. These texts were sent by True Solution using an auto dialer or ATDS.

32. All of the texts were in some fashion soliciting Plaintiff to sign up for Defendant's federal student loan assistance program.

33. Defendants' are still sending texts to Plaintiff's cell phone via an "automatic dialing system," as defined by 47 U.S.C §227(a)(1).

33. These telephone calls constituted calls that were not for emergency purpose as defined by 47 U.S.C §227(b)(1)(A)(i).

34. Carpenter did not provide "express consent" in allowing Defendants to place calls or texts to her cell phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C §227(b)(1)(A).

35. These texts sent by Defendants violated 47 U.S.C §227(b)(1)(A)(iii).

36. Defendants' misconduct in placing sending these texts to Carpenter's cell phone was negligent and Carpenter is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C §227(b)(3)(B).

37. Defendants' misconduct in sending these texts to Carpenter's cell phone was willful and knowing and Carpenter is entitled to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C §227(b)(3)(C).

38. As set forth above, Plaintiff, is a "consumer" and a "person" as defined by FCRA, 15 U.S.C. § 1681a(b) and (c).

39. As set forth above, Defendants are each a "supplier" as defined by the OCSPA, R.C. § 1345.01(C), since Defendants were engaged in the business of debt adjusting, budget counseling, debt management, or debt pooling services, or holding oneself out, by words of similar

import, as providing services to debtors in the management of their debt to a consumer in the State of Ohio for purposes that were primarily for personal, family or household use.

## COUNT ONE
### Violation of the Fair Credit Reporting Act
### Willful Noncompliance, 15 U.S.C. § 1681n

40.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

41.     Defendants willfully obtained and used Plaintiff's consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

42.     Due to Defendants' conduct, Plaintiff has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages and embarrassment upon learning that her most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

## COUNT TWO
### Violation of the Fair Credit Reporting Act
### Negligent Noncompliance, 15 U.S.C. § 1681n

43.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

44.     Defendants negligently obtained and used Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

45.     Due to Defendants' conduct, Plaintiff has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages, and embarrassment upon learning that her most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

## COUNT THREE
### (Negligent Violations of the TCPA)

46.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

47.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C §227 *et seq.*

48.     As a result of Defendants' negligent violations of 47 U.S.C §227 *et seq.*, Carpenter is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C §227 (b)(3)(B).

49.     Carpenter is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT FOUR
### (Knowing and/or Willful Violations of the TCPA)

50.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

51.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C §227 *et seq.*

52.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C §227 *et seq.*, Carpenter is entitled to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C §227 (b)(3)(C).

## COUNT FIVE
### Violations of the Ohio Consumer Sales Practices Act

53.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

54.     The interactions between Plaintiff and Defendants were a "consumer transaction" as defined by R.C. § 1345.01(A) as Defendants solicited a service to Plaintiff, an individual, for purposes that are primarily personal, family or household. Defendants did this by mailing Plaintiff a solicitation to procure her business and during the telephone conversation on or about June 28, 2018 and via e-mail. The purposes of the telephone conversation, mailer and e-mail were personal in nature as Defendants solicited Plaintiff to provide her services for her personal credit and student loan debt in exchange for various fees.

55.     Defendants were a "supplier" as defined by R.C. § 1345.01(C) as they engaged Plaintiff in the soliciting of a consumer transaction during the telephone conversation on or about June 28, 2018, via e-mail and by attempting to procure Plaintiff's business by sending her a mailer and by following up with an e-mail and telephone calls all in an attempt to provide Plaintiff services for her personal credit and student loan debt in exchange for various fees.

56.     Plaintiff is a "consumer" as defined by R.C. § 1345.01(D) as she engaged in a consumer transaction with Defendants, a supplier, during the telephone conversation on or about June 28, 2018 and via e-mail. Defendants initially solicited Plaintiff via the mailer attached as Exhibit A to the Complaint, invited her to call and, upon receiving the telephone call, Defendants gave a sales pitch in an effort to retain Plaintiff to provide Plaintiff services for her personal credit and student loan debt in exchange for various fees.

57.     All parties are a "person" as defined by R.C. §1345.01. A person includes and individual, corporation, government, governmental subdivision or agency, business trust, estate,

trust, partnership, association, cooperative, or other legal entity. Plaintiff is a person and Defendants are legal entities.

58. Defendants committed material unfair, deceptive, and/or unconscionable acts and practices in connection with a consumer transaction, primarily for personal, family or household purposes, in violation of the Ohio Consumer Sales Practices Act, including, but not limited to:

a. made false or misleading statements to induce a purchaser to pay for services in violation of R.C. § 1345.02(A).

b. knowing of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.

c. indicating on the envelope of the mailer, "TIME SENSITIVE OPEN IMMEDIATELY" when the mailer and its contents were not time sensitive.

d. indicating a reference number of FSLC-361361 where no specific reference number exists.

e. indicating Plaintiff was "pre-approved" when there is no pre-approval process.

f. indicating the mailer was a "Final Notice" and that "Failure to respond to this letter may void offer for services" when the mailer was not a Final Notice and the failure to respond would not void services.

g. indicating, "Call Toll Free Today and Confirm Your Eligibility and Activate Your Federal Benefits" when no affiliation with the Federal Government existed.

h. All Defendants violated O.A.C. 109:4-3-03(B)(2) and engaged in deceptive acts or practices in connection with a consumer transaction because the first contact

Defendants had with Plaintiff was secured by Defendants through deception when Defendants sent a misleading debt settlement letter to Plaintiff.

i.      Defendants violated O.A.C. 109:4-3-10(A) and engaged in deceptive acts or practices in connection with a consumer transaction because Defendants made representations, claims, or assertions of fact about the status of Plaintiff's debt balances, monthly payments, interest rates and high balance revolving debt in an effort to convince a reasonable consumer to call immediately and retain Defendants services.

j.      violating the TSSA, R.C. §§ 4719.02, 4719.05, and 4719.08 as described in Count Four which is incorporated by reference herein.

59.      Plaintiff was in fact deceived by all of the alleged violations and as a result of the preceding violations by Defendants, Plaintiff has suffered injury in the form of mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages caused by the deceptions in the mailers previously described in this Complaint.

## COUNT SIX
## Violations of the Ohio Telephone Solicitation Sales Act

60.      Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

61.      The mailed solicitation attached as Exhibit A is a "communication" as defined by the TSSA, R.C. § 4719.01(A)(2)(b) as it is a written notification or advertisement that was transmitted by or on behalf of the seller of goods and services, Defendants, through printed means. Further, the "communication" invited a response by telephone, and, during the course of that response, a telephone solicitor or salesperson attempts to make a sale of services as defined by R.C. § 4719.01(A)(2)(b)(ii).

12

62. The mailed solicitation attached as Exhibit A states "CALL TOLL FREE TODAY AND CONFIRM YOUR ELIGIBILITY AND ACTIVATE YOUR FEDERAL BENEFITS: 1-844-807-0301."

63. Defendants solicited Plaintiff for services for her personal credit and student loan debt in exchange for various fees during a phone conversation on or about June 28, 2018.

64. Defendants also sent Plaintiff approximately 30 text messages requesting status of her enrollment with FSLC.

65. Plaintiff is a "purchaser" as defined by the TSSA, R.C. § 4719.01(A)(5) as she was solicited to become financially obligated as the result of a telephone solicitation by Defendants on or about June 28, 2018 and subsequent solicitation through text messages as described in the previous paragraphs.

66. Defendants are a "telephone solicitor" as defined by the TSSA, R.C. § 4719.01(A)(8) as they engaged in telephone solicitation and text message solicitation directly or through one or more salespersons either from a location in this state, or from a location outside this state to persons in this state telephone solicitation in a phone conversation with Plaintiff on or about June 28, 2018 and subsequent text messages; Defendants sent the mailer which invited a response from outside of the State of Ohio, likely from California, in an attempt to retain Plaintiff to provide services for her personal credit and student loan debt in exchange for various fees; Defendants further engaged in a sales pitch for its services for its personal credit and student loan debt and credit repair services as described in the previous paragraphs from a location outside the State of Ohio, likely California.

67. The telephone call and text messages referenced above were a "telephone solicitation" as defined by the TSSA, R.C. § 4719.01(A)(7)(b) as Defendants represented services

13

and attempted to induce Plaintiff to purchase those services as described in the previous paragraphs.

68.　　Defendants committed unfair, unlawful, deceptive, or unconscionable acts and practices in violation of the Ohio Telephone Solicitation Sales Act, including, but not limited to:

　　　　a.　　acting as a telephone solicitor without having first obtained a certificate of registration from the attorney general. R.C. §§ 4719.02(A) and 4719.08(B);

　　　　b.　　acting as a telephone solicitor without having first obtained a surety bond. R.C. §§ 4719.04(A)(1)-(4);

　　　　c.　　Defendants expressed or implied its program had the approval of the Federal Government when in fact it did not in violation of R.C. § 4719.08(C).

　　　　d.　　misrepresenting, both directly and by implication, material aspects of the performance, efficacy, nature, and characteristics of the debt settlement and credit repair services. R.C. § 4719.08(F)(2), (3), (7) and (8) as described in Count Three of this Complaint and incorporated by reference in this Paragraph; and

　　　　e.　　making false or misleading statements to induce a purchaser to pay for goods or services. R.C. § 4719.08(G).

69.　　Such acts and practices described above have been previously determined by Ohio courts to violate the OCSPA.

70.　　Defendants committed said violations after such decisions were available for public inspection pursuant to R.C. § 1345.09(B).

71.　　Defendants engaged in a pattern and practice of violating the FCRA and the OCSPA through the systematic use of illegally obtained consumer credit reports and unfair and deceptive business solicitations.

14

72.     Pursuant to R.C. § 4719.14, each of the violations described above are unfair or deceptive acts or practices in violation of R.C. § 1345.02.

73.     Defendants knowingly committed the violations of the Ohio Telephone Solicitation Sales Act as described above, and as such, are liable for actual damages, reasonable attorney's fees, court costs, and punitive damages pursuant to R.C. § 4719.15.

74.     As a result of the preceding violations by Defendants, Plaintiff has suffered injury in the form of mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages.

## COUNT SEVEN
### Violations of the Ohio Credit Services Organization Act

75.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

76.     Defendants are a credit services organization as defined by R.C. §4712.01(C)(1)(a) and (c) by providing buyers with services for personal credit and student loan debt, balance reduction, reduction of consumer debt, and significant debt reduction services; all of which have a direct relation to a buyer's credit record, history and rating.

77.     Plaintiff is a buyer as defined by R.C. §4712.01(A) as she was solicited by Defendants by mail, phone and e-mail to purchase the services of a credit services organization.

78.     Defendants solicited buyers with a mailed letter in order to provide the services of a credit services organization. The letter claimed, **"With the implementation of the Health Care and Education Affordability Reconciliation Act of 2010 the U.S. Department of Education has adjusted their re-payment policies. Based on your loans and income you are pre-approved."**

15

79.     Defendants solicited buyers with a mailed letter in order to provide the services of a credit services organization. The letter claimed "**We are pleased to inform you that you may now participate in our Student Loan Document Preparation and Processing Services Program. This program may be able to save you thousands on your student loans and prepare you for Total Loan Forgiveness through applying for available government relief options.**"

80.     Defendants solicited buyers with a mailed letter in order to provide the services of a credit services organization. The letter claimed:

- **$0/Month Student Loan Program**

- **Total Loan Forgiveness Program**

- **Loan Consolidation and Program Payment Reduction**

- **Special Forgiveness Programs for Public Sector Employees and non-profit organizations**

81.     Defendants solicited buyers with a mailed letter in order to provide the services of a credit services organization. The letter claimed, "**We work directly on your behalf with the U.S. Department of Education to identify applicable financial relief programs allowing your Federally Insured Student Loans to be flexible and easy to manage.**"

82.     Defendants failed to register as a credit services organization with the Ohio Division of Financial Institutions in violation of R.C. § 4712.02(A).

83.     Upon information and belief, Defendants advertised its services as described above without being registered with the division of financial institutions in violation of R.C. § 4712.07(F).

84.     Defendants have engaged in deceptive acts as described in this Complaint in connection with the offer or sale of the services of a credit services organization in violation of R.C. § 4712.07(L).

85.     Defendants have made false promises through its advertising and representations of its employees, and has engaged in improper and dishonest dealings in the conduct of its business in violation of R.C. § 4712.08.

86.     Defendants are liable for actual damages, reasonable attorney's fees, court costs, and punitive damages pursuant to R.C. § 47192.10.

87.     Pursuant to R.C. §4712.11(A), Defendants' violation of R.C. §4712.02(A) constitutes unfair or deceptive acts or practices in violation of R.C. §1345.02.

88.     As a result of the preceding violations by Defendants, Plaintiff has suffered injury in the form of mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a.      ISSUE a declaratory judgment that Defendants engaged in acts and practices in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., the Ohio Consumer Sales Practices Act, R.C. §1345.01, et seq.; Ohio Telephone Solicitation Sales Act, R.C. § 4719.01, et seq., and the Credit Services Organization Act, R.C. § 4712.01 et seq.

b.      ISSUE a permanent injunction enjoining Defendants from further collecting credit information in violation of the FCRA and engaging in the acts and practices which Plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio, and satisfaction of any monetary obligations to Plaintiff;

     c.       Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C §227 (b)(3)(B).

     d.       Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C §227 (b)(3)(C).

     e.       ISSUE a permanent injunction enjoining Defendants from further unlawful communications and telephone solicitations in violation of the TSSA and engaging in the acts and practices which Plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio, and satisfaction of any monetary obligations to Plaintiff;

     f.       GRANT statutory damages as provided by the FCRA and TSSA;

     g.       GRANT actual damages pursuant to ALL counts of the Complaint;

     h.       GRANT judgment against Defendants in the amount of three times the actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to R.C. § 1345.09(B);

     i.       GRANT punitive damages pursuant to ALL counts of the Complaint;

     j.       Costs and reasonable attorney's fees pursuant to the FCRA, TSSA, R.C. §4719.15, OCSPA and CSOA, R.C. §4712.10;

     k.       For such other and further relief as the Court may deem just and proper.

                         Respectfully submitted,

                         */s/Jeremiah E. Heck (per consent)*
                         Jeremiah E. Heck (0076742)
                         Luftman, Heck & Associates, LLP
                         580 East Rich Street
                         Columbus, Ohio 43215
                         Phone: (614) 224-1500
                         Fax: (614) 224-2894
                         jheck@lawLH.com

*/s/ Brian M. Garvine*
Brian M. Garvine (0068422)
Law Offices of Brian M. Garvine, LLC
5 East Long Street, Suite 1100
Columbus, Ohio 43215
Phone: (614) 223-0290
Fax: (614) 221-3201
brian@garvinelaw.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


*/s/ Brian M. Garvine*
Brian M. Garvine (0068422)

19

2020 Pennsylvania Ave. NW # 895
Washington. DC 20006



PRESORTED STANDARD
U.S. POSTAGE
**PAID**
PERMIT #254
ORANGE, CA

## TIME SENSITIVE   OPEN IMMEDIATELY



···················ALL FOR AADC 430**30**17**12591

IRENE N KNISLEY
415 S PARK ST
BELLEFONTAINE, OH   43311-1949





EXHIBIT

# ATTENTION: STUDENT LOAN PAYMENT REDUCTION AND FORGIVENESS

| Important Offer |

Reference No: FSLC-361361
Student Loan Department
1-844-807-0301

Dear Irene,

With the implementation of the Health Care and Education Affordability Reconciliation Act of 2010 the U.S. Department of Education has adjusted their re-payment policies. Based on your loans and income you are pre-approved.

We are pleased to inform you that you may now participate in our Student Loan Document Preparation and Processing Services Program. This program may be able to save you thousands on your student loans and prepare you for Total Loan Forgiveness through applying for available government relief options.

You may now be eligible for:

| | | |
|---|---|---|
| **Borrower** | Irene N Knisley | * $0 / Month Student Loan Program |
| **Approximate Balance** | $36,247 | * Total Loan Forgiveness Programs |
| **Current Open Loans** | 11 | * Loan Consolidation and Program Payment Reduction |
| **Offer Status** | Pre-Approved | * Special Forgiveness Programs for Public Sector Employees |
| **Existing Loan Type** | Federal Student Loan | and non-profit organizations |

## FINAL NOTICE   Failure to respond to this letter may void offer for services.

CALL TOLL FREE TODAY AND CONFIRM YOUR ELIGIBILITY AND ACTIVATE YOUR FEDERAL BENEFITS:

1-844-807-0301   Hours of operation: Monday-Friday 8am-8pm, Saturday 8am-5pm and provide your personal reference number: FSLC-361361

Sincerely,
Federal Student Loans Council
1-844-807-0301

Disclosure: The Company does not assume or pay consumer debts. Federal student loans council provides document preparation and processing services for a fee. Company Products and services are optional and mutually exclusive from each other. See terms of contract for complete details. There are many free government programs available and you may apply on your own directly with the DOE for its services without a fee. Federal student loans council is not a Government agency and is not affiliated with any Government agency. For more information please direct all questions and inquiries to 844-807-0301

PRESCREEN & OPT-OUT NOTICE You can choose to stop receiving "pre-screened" offers of credit from this and other companies by calling toll free 1-888-567-8688 See "PRESCREEN & OPT-OUT NOTICE" on other side for more information about prescreened offers.